# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KWEKU HUTTON,<br><br>        Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>        Defendants. | Civil Action No. 17-13393 (ES)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

        This matter has been opened to the Court by Plaintiff Kweku Hutton's ("Plaintiff") filing of a civil rights Complaint and an application to proceed *in forma pauperis* ("IFP") as a non-prisoner. (D.E. No. 1). It appearing that:

    1.  The Court has reviewed the IFP application (D.E No. 1-3) and finds that Plaintiff meets the requirements for indigency as a non-prisoner. Therefore, the Court will grant the IFP application.

    2.  Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F.

3. In his Complaint, Plaintiff alleges that the Department of Homeland Security ("DHS") has kept him locked up in "jail" for more than eight months pursuant to a deportation order, during which time he has experienced "psychiatric, psychological, physical emotional torture" and been deprived of "fatherly duties and family love." (D.E. No. 1, Complaint ("Compl.") ¶ 4b). Plaintiff further alleges that Essex County Correctional Facility ("ECCF") is "an accomplice of Department of Homeland Security by providing housing for what I see as imprisonment or kidnapping. Horrible conditions." (*Id.* ¶ 4c).

4. Plaintiff further argues that he has been diagnosed with depression and has a "very vengeful spirit." (*Id.* ¶ 6). He generally states that DHS and ECCF have tortured him "psychologically, emotionally, physically and denied [him] financial development and growth." (*Id.*). He also generally states that there are "horrible conditions," including "toxic air (very), non-nutritious food, starvation." (*Id.* at 8).

5. Plaintiff is requesting that the Court "demand prove [sic] of forthcoming with travel documents. Five million dollars ($5,000,000.00) monetary compensation. Immediate release from D.H.S./E.C.C.F. custody.² D.H.S. to prove zero family ties. Hold (D.H.S.) Department of Homeland Security and the Essex County Correctional Facility responsible for missed business opportunities, financial growth denial and psychiatric, psychological, moral, spiritual, social 'torture' of my 'son,' mother, wife, sister, brother, nephew and niece." (*Id.* ¶ 7).

---

App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

² Several of Plaintiff's allegations and his request for release are duplicative of the issues being litigated in his currently pending habeas case. *See Kweku v. Green*, No. 17-7279 (ES). The Court will address those claims in that matter.

6. Because Plaintiff has brought this action in federal court, and has sued state and federal entities, the Court construes the Complaint to raise claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

7. Section 1983 applies to state actors and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege (i) the violation of a right secured by the Constitution or laws of the United States; and (ii) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

8. Although a county may be liable under § 1983, a county jail is not a proper defendant under § 1983.[3] *See Barrett v. Essex Cty. Corr. Facility*, No. 15-0595, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983."); *Ingram v. Atl. Cty. Justice Facility*, No. 10-1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (citations omitted) (county jail is not a person under section 1983). As such, the Court will dismiss the claims against Essex County Correctional Facility with prejudice.

---

[3] Even if this Court were to consider the defendant to be Essex County, a local government entity which may be sued under § 1983, the claim would nevertheless fail. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ingram*, 2011 WL 65915, at *3 (citing *Monell v. Dept. of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Here, Plaintiff has not identified any policy or custom that caused injury. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *McTernan v. City of York, Pa.*, 564 F.3d 636 (3d Cir. 2009) ("[A plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.").

9. Claims against federal defendants are governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (i) a deprivation of a right secured by the Constitution and laws of the United States; and (ii) that the deprivation of the right was caused by an official acting under color of federal law. *Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec.*, No. 04-4855, 2005 WL 1106562, at *5 (D.N.J. May 3, 2005). The United States has sovereign immunity except where it consents to be sued. *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "In the absence of such a waiver of immunity, plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, *see FDIC v. Meyer*, 510 U.S. 471 (1994), or against any of the individual defendants in their official capacities." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Because there is nothing to suggest that the United States has waived its sovereign immunity with respect to the sort of claim for damages that Plaintiff seeks to assert against DHS, Plaintiff's *Bivens* claims against DHS are dismissed with prejudice. *Meyer*, 510 U.S. at 486 ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").

10. Because Plaintiff has only named defendants that are not subject to suit under § 1983 and *Bivens*, respectively, the Complaint will be dismissed in its entirety. However, the Court will grant Plaintiff leave to file an amended complaint which raises claims against proper defendants. Should Plaintiff decide to file an amended complaint against proper defendants, he is also advised that the minimal facts he has provided regarding the lack of mental health treatment, inadequate food and poor air quality are insufficient to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

4

(2007)) ("[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

11. An appropriate Order follows this Memorandum Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**